# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 06-3619

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | |
| v. | * | Appeal from the United States |
| | * | District Court for the |
| Francisco Robles, also known as | * | District of Nebraska. |
| Juan Valle Cillo, | * | [UNPUBLISHED] |
| | * | |
| Appellant. | * | |

_____

Submitted: December 6, 2007
Filed: December 13, 2007

_____

Before WOLLMAN, COLLOTON, and BENTON, Circuit Judges.

_____

PER CURIAM.

A jury found Francisco Robles guilty of conspiring to distribute or possess with intent to distribute more than 500 grams of methamphetamine mixture, in violation of 21 U.S.C. § 846, and the district court[1] sentenced him within the advisory Guidelines range to 240 months in prison and 5 years of supervised release. On appeal, his counsel has filed a brief under *Anders v. California*, 386 U.S. 738 (1967). For the reasons discussed below, we affirm.

_____

[1]The Honorable Lyle E. Strom, United States District Judge for the District of Nebraska.

Counsel first argues that the evidence was insufficient because the government's trial witnesses lied. However, credibility determinations are the province of the jury, making them virtually unreviewable on appeal. *See United States v. Davis*, 471 F.3d 938, 948 (8th Cir. 2006). Accepting all of the trial evidence and inferences therefrom that support the verdict, as we must, we conclude that a reasonable jury could have found that a conspiracy involving 500 grams or more of methamphetamine mixture existed, Robles knew about it, and he knowingly became a part of it. *See United States v. Urkevich*, 408 F.3d 1031, 1036 (8th Cir. 2005) (standard of review and elements of offense).

Next, counsel argues that the 240-month prison sentence is unreasonable because Robles was merely a drug user, not a dealer. This is the version of events that Robles advanced in his testimony at trial and in his allocution at sentencing, but it is clear that the district court disbelieved his story in favor of the government's trial evidence. We conclude he has not shown that the court failed to consider a relevant factor that should have received significant weight, gave significant weight to an improper or irrelevant factor, or considered only the appropriate factors but committed a clear error of judgment in weighing those factors. *See United States v. Haack*, 403 F.3d 997, 1004 (8th Cir. 2005) (categories of error under reasonableness review).

After reviewing the record independently under *Penson v. Ohio*, 488 U.S. 75 (1988), and finding no nonfrivolous issues for appeal, we affirm the judgment of the district court.

_____